1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GORDON MICHAEL HAWKEN,<br><br>    Defendant. | CASE NO. 23-095<br><br>PRELIMINARY ORDER OF FORFEITURE |

THIS MATTER comes before the Court on the United States' Motion for a Preliminary Order of Forfeiture (the "Motion") seeking to forfeit, to the United States, Defendant Gordon Michael Hawken's interest in the following property:

- A Motorola One 5G Ace cell phone, seized from Defendant on or about May 24, 2022.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS a Preliminary Order of Forfeiture is appropriate because:

- The above-identified cell phone is forfeitable pursuant to 18 U.S.C. § 2253(a), as property Defendant used to commit or facilitate his

commission of Possession of Child Pornography, in violation of 18
U.S.C. §§ 2252(a)(4)(B) and (b)(2); and,

- Pursuant to the Plea Agreement he entered on August 8, 2023,
Defendant agreed to forfeit this property pursuant to 18 U.S.C. §
2253(a) (Dkt. No. 18, ¶ 13).

NOW, THEREFORE, THE COURT ORDERS:

1)      Pursuant to 18 U.S.C. § 2253(a) and his Plea Agreement, Defendant's
interest in the above-identified cell phone is fully and finally forfeited, in its
entirety, to the United States;

2)      Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Preliminary Order
will be final as to Defendant at the time he is sentenced, it will be made part of the
sentence, and it will be included in the judgment;

3)      The Department of Justice, Federal Bureau of Investigation, and/or its
authorized agents or representatives ("FBI") shall maintain the cell phone in its
custody and control until further order of this Court. FBI shall destroy any
prohibited images unless they have been destroyed already or will be retained for
official, investigative use, as permitted by 21 U.S.C §§ 853(i) and 881(e);

4)      Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the
United States shall publish notice of this Preliminary Order and its intent to
dispose of the cell phone as permitted by governing law. The notice shall be posted
on an official government website – currently www.forfeiture.gov – for at least
thirty (30) days. For any person known to have alleged an interest in the cell phone,
the United States shall, to the extent possible, provide direct written notice to that

1  person. The notice shall state that any person, other than the Defendant, who has

2  or claims a legal interest in the cell phone must file a petition with the Court within

3  sixty (60) days of the first day of publication of the notice (which is thirty (30) days

4  from the last day of publication), or within thirty (30) days of receipt of direct

5  written notice, whichever is earlier. The notice shall advise all interested persons

6  that the petition:

7         a.     shall be for a hearing to adjudicate the validity of the petitioner's

8  alleged interest in the cell phone;

9         b.     shall be signed by the petitioner under penalty of perjury; and,

10         c.     shall set forth the nature and extent of the petitioner's right, title, or

11  interest in the cell phone, as well as any facts supporting the petitioner's claim and

12  the specific relief sought.

13         5)     If no third-party petition is filed within the allowable time period, the

14  United States shall have clear title to the cell phone, and this Preliminary Order

15  shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P.

16  32.2(c)(2);

17         6)     If a third-party petition is filed, upon a showing that discovery is

18  necessary to resolve factual issues it presents, discovery may be conducted in

19  accordance with the Federal Rules of Civil Procedure before any hearing on the

20  petition is held. Following adjudication of any third-party petitions, the Court will

21  enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21

22  U.S.C. § 853(n), reflecting that adjudication; and,

23

7)      The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this 25th day of October, 2023.

_____
Jamal N. Whitehead
United States District Judge